IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTINA LOCKHART, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | 1:17CV994 |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff Christina Lockhart's claim of unfair and deceptive trade practices for failure to state a claim upon which relief can be granted [Doc. #9]. For the reasons that follow, the motion is granted.

According to the Complaint, Lockhart owned real property located at 1013 North Main Street, Salisbury, North Carolina and purchased a dwelling fire loss policy from State Farm Fire and Casualty Company ("State Farm") which was in full force and effect on December 20, 2016 when Lockhart's residence was destroyed by fire. (Compl. ¶¶ 3-5 [Doc. #6].) Lockhart submitted timely proof of loss, but State Farm "without lawful excuse, has failed, refused and neglected to pay" the claim. (Id. ¶¶ 6-7.) Although State Farm's liability to Lockhart became reasonably clear on or before August 14, 2017, State Farm "has embarked upon a course of conduct designed to artificially create an excuse, first to delay payment" and "then, to deny" the claim "notwithstanding [Lockhart's] good faith and

substantial compliance". (Id. ¶¶ 8, 9.)  State Farm "falsely claimed that plaintiff had not cooperated or otherwise provided truthful information relating to her claim." (Id. ¶ 9.)  As a result, Lockhart sued State Farm for breach of contract and unfair and deceptive trade practices. (Id. ¶¶ 10-22.)

Lockhart's unfair and deceptive trade practices claim finds its basis in N.C. Gen. Stat. § 58-63-15(11)[1], (Compl. ¶ 18), but State Farm argues that Lockhart has failed to allege any facts in support of her conclusory assertions, (Mem. of Law in Supp. at 1 [Doc. #11]).  In response, Lockhart presents facts not alleged in her Complaint, (Mem. of Law in Opp'n § II [Doc. #15]), and maintains that she "alleged, in detail, numerous violations of" North Carolina General Statute § 58-63-15(11), (id. at 4).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (noting that a complaint must "contain[] sufficient factual matter, accepted as true, to state a

---

[1] Lockhart actually cites N.C. Gen. Stat. § 58-65-13(11), but it is clear she should have cited N.C. Gen. Stat. § 58-63-15(11).

2

claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). When evaluating whether the complaint states a claim that is plausible on its face, the facts are construed in the light most favorable to the plaintiff and all reasonable inferences are drawn in her favor. U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014). Nevertheless, "labels and conclusions[,]" "a formulaic recitation of the elements of a cause of action[,]" and "naked assertions . . . without some further factual enhancement" are insufficient. Twombly, 550 U.S. at 557.

Section 75-1.1(a) of the North Carolina General Statutes declares that "unfair or deceptive acts or practices in or affecting commerce" are unlawful. The elements of a claim for unfair or deceptive trade practices are: an unfair or deceptive trade practice in or affecting commerce which proximately caused plaintiff actual injury. Town of Belhaven, NC v. Pantego Creek, LLC, 793 S.E.2d 711, 720 (N.C. Ct. App. 2016). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Elliott v. Am. States Ins. Co., 883 F.3d 384, 396 (4th Cir. 2018) (quoting Walker v. Fleetwood Homes of N.C., Inc., 653 S.E.2d 393, 398 (N.C. 2007)). Conduct in violation of N.C. Gen. Stat. § 58-63-15(11) "'constitutes a violation of N.C.G.S. § 75-1.1, as a matter of law,' because 'such conduct is inherently unfair, unscrupulous, immoral, and

injurious to consumers.'" Id.[2] (quoting Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 683 (N.C. 2000) & Country Club of Johnston Cty., Inc. v. U.S. Fid. & Guar. Co., 563 S.E.2d 269, 278 (N.C. Ct. App. 2002)); see also Country Club of Johnston Cty., 563 S.E.2d at 279 (recognizing that "the types of conduct prohibited by N.C. Gen. Stat. § 58-63-15(11)" are "examples of conduct which would constitute an unfair and deceptive act or practice").

Here, although Lockhart alleges that State Farm failed "to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies", (Compl. ¶ 18.a.), prohibited conduct under N.C. Gen. Stat. § 58-63-15(11)(b), there are no supporting factual allegations. Likewise, while Lockhart alleges that State Farm refused "to pay claims without conducting a reasonable investigation based upon all available information", (Compl. ¶ 18.b.), prohibited conduct under N.C. Gen. Stat. § 58-63-15(11)(d), there are simply no factual allegations to support such an assertion.

---

[2] The Elliott court described it as "unclear whether conduct that violates § 58-63-15(11) is a per se violation of § 75-1.1, or instead whether that conduct satisfies § 75-1.1's conduct requirement of an unfair or deceptive act or practice, still requiring the complainant to show that the act or practice was in or affecting commerce and proximately caused injury to the plaintiff before finding a violation of § 75-1.1." 883 F.3d at 396 n.7. However, because "Elliott failed to plausibly state a claim that [the defendant] committed any of the conduct prohibited in § 58-63-15(11)", it was "unnecessary to resolve this question." Id. Here, not only does State Farm focus only on the sufficiency of the conduct allegations, but, as in Elliott, Lockhart fails to plausibly state a claim that State Farm committed any of the prohibited conduct.

4

Lockhart further alleges that State Farm failed "to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed", (Compl. ¶ 18.c.), prohibited conduct under N.C. Gen. Stat. § 58-63-15(11)(e).  However, there are no facts about when Lockhart submitted her proof of loss statements or when State Farm did or did not act such that it could be reasonably inferred that State Farm failed to act in a reasonable period of time.

Lockhart also alleges that State Farm did not attempt "in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear", (Compl. ¶ 18.d.), prohibited conduct under N.C. Gen. Stat. § 58-63-15(11)(f).  Although she alleges that State Farm's liability under the policy became reasonably clear on or before August 14, 2017 and that State Farm "embarked upon a course of conduct designed to artificially create an excuse, first, to delay payment . . . and then, to deny the aforesaid claim", there are no factual allegations of what State Farm actually did or did not do with respect to settling the claim that would support a reasonable inference that State Farm failed to act in good faith in doing so.

Finally, Lockhart alleges that State Farm failed "to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement", (Compl. ¶ 18.e.), prohibited conduct under N.C. Gen. Stat. § 58-63-15(11)(n).  Not only are there no facts to support this assertion, but Lockhart alleges that

State Farm did tell her why it denied her claim – because she "had not cooperated or otherwise provided truthful information relating to her claim", (Compl. ¶ 9).

In sum, although Lockhart identifies specific prohibited conduct in which she alleges State Farm participated, the factual allegations do not allow the court to draw the reasonable inference that State Farm committed these, or any other, unfair or deceptive trade practices.

For the reasons explained above, IT IS HEREBY ORDERED that Defendant State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff's Unfair and Deceptive Trade Practices Claim [Doc. #9] be GRANTED.

This the 6th day of July, 2018.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge